173 So. 374

## BEASLEY v. STATE.

### 4 Div. 293.

Court of Appeals of Alabama.
Dec. 15, 1936.

Rehearing Denied Jan. 12, 1937.

C. J. Kettler, of Luverne, for appellant.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett, III, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case was begun upon an affidavit and warrant, before a justice of the peace and made returnable to the county court.

The offense attempted to be charged was for the violation of section 5554 of the Code 1923.

The proceeding was instituted under provisions of section 3815 of the Code 1923, and properly should have been based upon "probable cause," as the statute specifically prescribes. However, no objection by demurrer or otherwise was interposed, and as upon the face of the affidavit a statutory offense was declared upon, the affidavit was not void and the defect mentioned cannot be made available to defendant, the record disclosing that the trial proceeded·upon the original affidavit by and with the consent of the defendant.

One Mack Bodiford was the prosecutor and it is clearly manifest from the record that this is a counter prosecution. Under the law, however, he had the right to warn the defendant to not enter upon his premises, that is to say, upon·premises he was at the time in possession of. The warning given in this case was vague and uncertain, and in no event could it be made to apply to premises not in his possession at the time the warning was given.

It appears from the evidence that on the night of July 4, 1935, the prosecutor, Mack Bodiford, and this appellant had a difficulty at or near a swimming pool owned by Bodiford, but opened to the public, and upon that. occasion Bodiford knocked him down by hitting him with a bottle, for which appellant prosecuted him and his conviction therefor resulted. That immediately after having been convicted Bodiford instituted this prosecution. The evidence without dispute disclosed that Bodiford was intoxicated at the time of the aforesaid difficulty. Bodiford testified that on the night in question he told Beasley, "If this is the best you can do'don't you ever go on my premises anymore."

The State insists that in violation and disregard of the foregoing warning that the defendant within six months thereafter did go upon his premises. In order to sustain this contention, the State relied upon one witness only, one Carlin Spradley, who' testified that he is a brother-in-law·to Mack Bodiford; and upon his examination testified:

"I am related to Mr. Mack Bodiford. He is my brother-in-law. I remember seeing Mr. Elias Beasley on Mr. Mack Bodi-

ford's land on July 13 of last year. He was up at the house one time. (By Mr. Kettler) Where? A. At the house. At Beasley's house. After he left Beasley's house, he went I reckon what you would call northeast. I know Mr. Bodiford's land well enough to know what part he was working and what part he had rented out. What part he was working on halves with Mr. Beasley. Well I can't say that he went through Mr. Mack Bodiford's land, the part of the land which was not worked on halves by Mr. Beasley. I can't say about that, but the trail runs across a corner of Bodiford's land he was working, a little corner, a sort of "V" shape, the path cuts off I reckon a half acre. There is no public path there, they plowed across the path all of the time. On cross examination the witness testified substantially as follows: I did not see him go over that part, he could have turned, I don't know about that. I saw him when he left Sid Beasley's house; I can't say whether he crossed that corner at this time or not. That's a path, not a public path though. People go up and down that path coming and going from the road to Sid Beasley's house, they travel it. Well, I don't know whether you would call it a public path. They travel that path to go the distance to the road. I did not see this defendant go across that path that time. On re-direct examination, the witness testified substantially as follows: Q. Did you see him any other time? I mean prior to—I mean between July 4th, and July 22nd, 1935, did you see him on Mr. Bodiford's land, on the land there that he worked himself? to which the witness answered; Well, he was coming across that corner there I was talking about. I saw him cross it. The best I remember that was the 20th day of July. I saw him cross Bodiford's property. On re-cross examination, the witness testified substantially as follows: The little path that goes across that little corner a hundred yards or more. It was on the 20th of July, I think that is right. I was going along the road. I was going to Beasley's to get my hair cut. I was on a mule. Beasley is that boy's uncle. The best I remember it was on the 20th of July. Of last year, the best I remember."

The State did call and examine a witness by the name of Hardie Bodiford who testified, "Lum Bodiford is my father. I know Elias Beasley," and then proceeded to testify that upon several occasions he saw the defendant go upon his father's land. While the testimony of this witness was allowed without objection, we are unable to see its relevancy. The accused was not prosecuted for trespass upon the lands of Lum Bodiford and evidence of his having done so could have no bearing upon the issues involved in this case. If Lum Bodiford and Mack Bodiford are one and the same man, there is nothing in this record to indicate it, and certainly this court, being bound by the record, cannot judicially declare that such is the case.

If the accused had been legally warned not to trespass upon the premises of the prosecutor, and if within six months thereafter he did so enter, each and every such entrance would constitute a separate and distinct offense, provided that he so entered upon the premises without legal cause, or good excuse, and the evidence should have been confined to one entry only.

The vague and uncertain testimony in this case relied upon for a conviction did disclose that if such entry was made upon the land by the accused, it was for the purpose of visiting his uncle who was cultivating and in possession of the land upon which defendant entered. These facts should have been given in charge to the jury on the question as to whether he had legal cause or good excuse to enter upon the premises to visit his kinsman. This does not appear to have been done.

We are of the opinion that the accused in this case was not accorded the fair and impartial trial contemplated by law, and his conviction should not be permitted to stand. The court erred in overruling the motion for a new trial.

Reversed and remanded.